UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SETH D. HARRIS, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| | FILE NO. 3:12-cv-1001 (VLB) |
| AMERICAN INDUSTRIES, INCORPORATED and its SUCCESSORS, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CONSENT JUDGMENT AND ORDER

1.  Plaintiff, Acting Secretary of Labor, United States Department of Labor, pursuant to his authority under the Mine Safety and Health Act of 1977, as amended, 30 U.S.C. § 801 et seq. ("Mine Act") and the under the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001, et seq., has filed a Complaint against Defendant American Industries, Incorporated and its Successors. The Defendant and the Acting Secretary have agreed to resolve all matters in controversy in this action, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

2.  The Acting Secretary's Complaint alleges that Defendant failed to pay civil penalties properly issued by the Mine Safety and Health Administration ("MSHA") under the Mine Act. The civil penalties became Final Orders of the Federal Mine Safety and Health Review Commission ("the Commission") within the meaning of § 105(a) of the Mine Act and

accrued interest and other charges under § 110(j) of the Mine Act, 30 U.S.C. § 820(j) and the Debt Collection Act, 31 U.S.C. § 3717.

3. The Defendant hereby admits to the jurisdiction of this Court over it and over the subject matter of this action. Defendant admits that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

4. The Defendant expressly waives any and all claims whatsoever that it has or may have against the Acting Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

5. The Acting Secretary and the Defendant expressly waive any Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims which were, or might have been made, arising out of the facts alleged in this action, without trial or adjudication of any issue of fact or law raised in the Complaint.

6. Defendant has agreed to comply with the Mine Act in all respects and with its applicable regulations in the future, including the Mine Act's civil penalty payment obligations, and further agrees to be bound to comply with the injunctive relief set forth below.

7. The parties have reviewed this Consent Judgment and agree to its entry as evidenced by the signatures below of counsel for the parties.

It is therefore ORDERED ADJUDGED AND DECREED that:

a. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

b.  The Defendant shall pay $34,061.83, the total amount of civil money penalties plus statutory interest, to the Mine Safety and Health Administration. Payment shall made no later than ten (10) days after entry of this Consent Judgment and shall be forwarded to the Office of the Regional Solicitor, JFK Federal Building, Room E-375, Boston, Massachusetts 02203. The sum of $34,061.83 represents all penalties assessed and uncontested which became Final Orders of the Federal Mine Safety and Health Review Commission between October 29, 2007 and May 17, 2012, plus Mine Act interest.

c.  The Defendant, its agents, servants, employees, all persons in active concert or participation with them and its Successors, be and hereby are permanently enjoined from violating, failing or refusing to comply with any Final Orders issued under the Mine Act or failing or refusing to comply regarding matters otherwise deemed Final Orders by failing to pay past due civil penalties for violations under the Mine Act and its standards, which became Final Orders after May 17, 2012 are not subject to any appeals process.

d.  The Defendant, its agents, servants, employees, all persons in active concert or participation with them and its Successors, be and hereby are permanently enjoined from violating, failing or refusing to comply with any Final Orders issued under the Mine Act by failing to pay future civil penalties properly assessed and adjudicated, or otherwise deemed Final Orders for Mine Act violations, which Final Orders are not subject to any appeals process.

e.  American Industries, Incorporated and its Successors are enjoined to post and provide a cash performance bond in the amount of $30,000.00 payable to the order or benefit of the United States Department of Labor, Mine Safety and Health Administration, to guarantee compliance with 30 U.S.C § 820(c). Said bond must be posted within seven (7) days of the date of the Court's approval of the instant Consent Judgment. On the same date as said bond is

posted, American Industries, Incorporated and its Successors shall provide written notice of the posting of such bond to the Office of the Regional Solicitor in Boston, Massachusetts at the JFK Federal Building, Room E-375, Boston, Massachusetts 02203. This written notice shall include a copy of the bonding documents, the name and address of the entity issuing the bond, the effective date of the bond and the period of coverage.

f.  The proceeds from such bond shall be immediately payable upon demand to the Mine Safety and Health Administration upon failure of American Industries, Incorporated and its Successors, or of any entity of which it is an operator or agent, to pay civil money penalties, interest, administrative expenses to the extent owed, as required by any final order or decision issued by the Federal Mine Safety and Health Review Commission or any of its administrative law judges or by any court having jurisdiction to issue orders or decisions under the Mine Act, or which final order is created by operation of law under the Mine Act, which Final Order or decision is not subject to any appeals process. This bond will remain posted for five (5) years.

g.  This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

i.  Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees.

j.  Nothing contained in this Consent Judgment shall prevent the Plaintiff from pursuing other remedies to collect civil money penalties, interest, administrative expenses against the Defendant, not included among the claims resolved in this matter, for which a final

order or decision has been issued, or which in the future may be issued, by the Federal Mine Safety and Health Review Commission ("Commission") or any of its administrative law judges or by any court having jurisdiction to issue orders or decisions under the Mine Act, or for any final order created by operation of law under the Mine Act.

It is further ORDERED that any failure to comply with this Consent Judgment may be punishable as contempt of court.

Issued this __13__ day of __May__, 2013 at __5:47pm__ at Hartford, Connecticut.

/s/
United States District Judge
**Hon. Vanessa L. Bryant**

For Defendant, American Industries, Inc., and its Successors,

_____
Attorney Mark E. Block
Block, Janney & Pascal, LLC
138 Main Street
Norwich, Connecticut 06557
Federal No. Ct. 06557D

DATE: 4/26/13

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

_____
James L. Polianites, Jr.
Attorney

U. S. Department of Labor
Attorneys for the Secretary

DATE: 4/29/13